# DEANNA MARIE LAWSON MRAMOR v. BEVERLY G. HIXSON

142 N. W. (2d) 302.

April 22, 1966—No. 39,599.

*Robb, Robb & Van Eps, M. W. Gaughan,* and *Harry H. Peterson,* for appellant.

*DeParcq & Anderson,* for respondent.

OTIS, JUSTICE.

Plaintiff, a pedestrian, having recovered $20,000 in damages for personal injuries sustained when struck by an automobile driven by defendant, has consented to a remittitur of $3,000. Defendant has appealed on three grounds: (1) That plaintiff is guilty of contributory negligence as a matter of law; (2) that defendant is free from negligence as a matter

of law; and (3) that notwithstanding the remittitur the judgment of $17,000 is excessive.

On the evening of the accident plaintiff and her escort met two other couples at a restaurant, attended the theater, and at about 11 p. m. parked their car across from where they intended to eat dinner before going home. The car was parked on the south side of 11th Street, a one-way thoroughfare for westbound traffic in the city of Minneapolis. Three of the passengers, including plaintiff, emerged from the car on the street side, presumably intending to proceed to their destination. Plaintiff stated that as she left the car she looked over her right shoulder and saw no traffic approaching. The jury could find that the defendant struck the front right bumper of the vehicle immediately in back of plaintiff's car, narrowly missed two of the party standing next to her, and struck plaintiff as she stood 3 or 4 feet out in the street, throwing her into the air and injuring her. It is undisputed that defendant continued on a considerable distance before stopping, only doing so at the insistence of her passenger.

Defendant herself testified that she had had dinner with her parents and her escort, had consumed a small amount of wine, and that in proceeding west on 11th Street she saw neither the plaintiff nor plaintiff's companions until her attention was called to the accident by her passenger.

■ The evidence was sufficient to permit the jury to find plaintiff free from contributory negligence and defendant herself negligent in failing to keep a proper lookout.

At the time plaintiff was struck there were at least three, and probably four, traffic lanes open to defendant, and no other cars moving in the immediate vicinity. In view of the fact that the area was well lighted, plaintiff had a right to assume that a vehicle approaching from Nicollet Avenue would not only see them but would have ample space in which to maneuver around the group standing next to the parked cars.

Decisions relied on by defendant which hold pedestrians guilty of negligence as a matter of law are not in point. This is not a case "where a pedestrian suddenly steps out on the roadway at a place other than a regular crossing, [or] suddenly and unexpectedly leaves a place of safety

and gets in front of the car when it is too late for the operator to avoid striking him." 60 C. J. S., Motor Vehicles, § 386, cited by defendant. Minn. St. 169.21, subd. 3, directs a pedestrian crossing in the middle of a block to yield the right-of-way, but requires that "every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and give warning by sounding the horn when necessary * * *." In any event, there is no evidence that plaintiff was in the process of crossing the street when struck by defendant, whatever her ultimate intention may have been.

■  The second issue is whether the verdict is excessive. With respect to the special damages, defendant concedes the medical expenses amounted to $2,505.60 and loss of wages, $1,636.20. Plaintiff was hospitalized for about a month and was unable to return to work for 2 months, following which she worked part time but gave evidence of fatigue and emotional instability. The record supports a finding that she experienced subjective symptoms of headache, low back pain, lack of memory, and difficulty in focusing. More objectively, there was evidence of a concussion from which she had recovered at the time of trial, a permanent scar on her back, a lump on her right thigh, serious lacerations to her scalp, and some limitation of motion in one leg.

Although the original award was generous in relation to the special damages and her permanent injuries, plaintiff has consented to a remittitur. In view of her age, sex, extended disability, and the severity of the impact, we cannot say that the award after the remittitur is so excessive as to require a further reduction by this court.

Affirmed.